UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LASHUNDA HALL,

    Plaintiff,

    v.

AT&T, a/k/a ILLINOIS BELL TELEPHONE COMPANY,

    Defendant.

No. 11 C 3787
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff LaShunda Hall has brought this action against Defendant AT&T a/k/a Illinois Bell Telephone Company for retaliation under Title VII, 42 U.S.C. § 2000e-3(a). Defendant now moves for summary judgment pursuant to Fed.R.Civ.P. 56(c). For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff worked as a technician for Defendant until her employment was terminated on May 5, 2010. Plaintiff's supervisor, Christopher Gooch, was prompted to take disciplinary action against Plaintiff on five occasions in October 2008, on two occasions in November 2008, and on at least seven additional occasions between April 2009 and January 2010. In January 2009, Plaintiff filed her first of several employment discrimination claims with the Equal Employment Opportunity Commission ("EEOC"). She filed her last EEOC claim in August 2010, alleging that the disciplinary actions and her termination were all in retaliation for filing the EEOC claims. This suit followed.

# DISCUSSION

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

I consider the record in the light most favorable to the non-moving party, and I draw all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002). I will accept the non-moving party's version of any disputed fact, however, only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

Title VII makes it unlawful for an employer to discriminate against any of his or her employees or applicants for employment because he has opposed any practice made an unlawful employment practice by Title VII. 42 U.S.C. § 2000e-3(a). This type of discrimination is commonly called retaliation. A plaintiff may prove retaliation by using either the direct method or the indirect, burden-shifting method. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662 (7th Cir. 2006).

The direct method requires a plaintiff to show that (1) the employee engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between the two. *Majors v. General Elec. Co.*, 714 F.3d 527, 537 (7th Cir. 2013). The indirect method requires a plaintiff to first establish a prima facie case of retaliation by showing that (1) the employee engaged in statutorily protected activity; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Id*. If the plaintiff meets this burden, the burden of production then shifts to the employer to articulate a legitimate nondiscriminatory reason for its action. *Tomanovich*, at 457 F.3d at 663. If the employer meets this burden, the burden then shifts back to the plaintiff to show that the employer's reason is pretextual. *Id*.

Here, Plaintiff endeavors to prove Title VII retaliation under both methods. The parties agree that Plaintiff engaged in statutorily protected activity when she filed the EEOC claims. The parties also agree that Plaintiff suffered an adverse employment action when she was terminated. Remaining under the direct method of proof is whether Plaintiff has shown a causal connection between the two.

Plaintiff offers no direct evidence of such a causal link. In the absence of direct evidence,

a plaintiff must demonstrate a "convincing mosaic" of circumstantial evidence to satisfy the direct method of proving retaliation. *Hobgood v. Illinois Gaming Bd.*, 731 F.3d 635, 643 (7th Cir. 2013). Plaintiff offers several pieces of circumstantial evidence, but the resulting mosaic is insufficient to survive Defendant's motion for summary judgment.

Plaintiff first asserts that the disciplinary action taken against her, ultimately culminating in her termination, did not begin until after she filed her first EEOC claim. As a preliminary matter, it is not clear that this is actually the case. As Defendant notes, Plaintiff was disciplined on several occasions in October 2008 and in November 2008, all of which were prior to her first EEOC filing in January 2009. Plaintiff pushes back by asserting that she contested the validity of those instances of disciplinary action (they were in fact the subject of the January 2009 EEOC filing). In any event, it is well-settled that suspicious timing between protected activity and a subsequent adverse employment action alone is not enough to establish a causal link between the two. *Hobgood*, 731 F.3d at 644.

Plaintiff also points anecdotally to an exchange between Mr. Gooch, Donna Ford (one of Plaintiff's prior supervisors), and Union Steward Jesus Ballesteros in the context of a meeting called in response to Plaintiff's violations. Mr. Ballesteros stated that the meeting should be investigatory rather than disciplinary, and Mr. Gooch and Ms. Ford stated that the meeting should be disciplinary in nature. Ms. Ford then stated that Plaintiff had previously filed an EEOC claim. Mr. Ballesteros inquired as to the relevance of that information, and apparently only silence ensued. The implication is that Plaintiff's EEOC filing was offered as a reason she should face disciplinary actions, and that this was understood by all three participants in the exchange.

Mr. Ballesteros has not acknowledged, however, that a pregnant pause occurred or that

4

any such improper retaliation was implicit in Ms. Ford's statement. Were this exchange to have occurred among additional, more compelling evidence of retaliation, it would be easier to understand it in the insidious light Plaintiff urges. *Cf. Hobgood*, 731 F.3d at 644-45. But Plaintiff bolsters her mosaic of circumstantial evidence with little else.

In deposition testimony, Plaintiff retracted her claim that Ms. Ford acted with retaliatory motive. Hall Dep. 28-29. As for Mr. Gooch, it is clear that he was responsible for the bulk of the disciplinary action taken,[1] but what support is there for his allegedly retaliatory motive? In addition to the timing and the anecdotal exchange described above, Plaintiff asserts that Defendant's progressive disciplinary policy was applied to her inconsistently and capriciously. An employer's failure to follow its own disciplinary procedures can be circumstantial evidence of retaliatory motive, *see Rudin v. Lincoln Land Community College*, 420 F.3d 712, 723 (7th Cir. 2005), but the claim is not sufficiently supported here. Plaintiff offers no evidence that Defendant's disciplinary policy required the exacting, fixed steps that she says were improperly disregarded. And the record shows that the discipline Plaintiff received was indeed progressive. She was given various oral warnings, written warnings, "write-ups," and final warnings between October 2008 and January 2010, until she was finally terminated in May 2010. In sum, Plaintiff has provided no direct evidence and insufficient circumstantial evidence to satisfy the direct method of proving retaliation.[2]

Plaintiff's claim fares no better under the indirect method. The key deficiency is that Plaintiff does not identify any co-worker who is sufficiently similarly situated but for engaging

---

[1] Area Manager Ken Harn made the final decision to terminate Plaintiff's employment. Plaintiff argues under the "cat's paw" theory that Mr. Harn, who may have had no retaliatory motive, was influenced by Mr. Gooch, who was, Plaintiff asserts, motivated by retaliation. *See, e.g., Staub v. Proctor Hosp.*, 131 S.Ct. 1186, 1190 (2011).

[2] Plaintiff also asserts that similarly situated employees were not subject to the same disciplinary action. This too can be circumstantial evidence of retaliatory motive, *see Hobgood*, 731 F.3d at 643-44, but, for reasons set forth *infra*, the assertion does not save her claim.

5

in protected activity, and who was nevertheless treated differently. Plaintiff points to three employees who all were also technicians and worked with Plaintiff. Like Plaintiff, each of these three employees violated company policy by improperly recording their break tickets and time sheets. Unlike Plaintiff, none of these employees was disciplined for the violation, and none of these employees had filed an EEOC claim.

But Plaintiff has pointed to only a single violation with respect to each of these comparators. By contrast, Plaintiff has a record of repeated violations of company policy, including, among others, timekeeping violations. An employee with Plaintiff's long, documented record of policy violations is not similarly situated to an employee who has, on this record, committed only a single violation.

Plaintiff also points to Union Steward Galatian Norman, who self-identifies as a similarly situated employee. Mr. Norman, however, did not regularly work in the office in which Plaintiff worked, nor did he report to Mr. Gooch. Plaintiff notes that Mr. Norman claims to have taken the same amount of time as Plaintiff to conduct a fire extinguisher inspection, and that only Plaintiff was disciplined for taking too long. As Defendant points out, however, Mr. Norman testified that he never performed a fire extinguisher inspection at Plaintiff's office, and to the extent the inspection at Mr. Norman's office was in fact similar, Mr. Norman appears to have completed it much more quickly than Plaintiff. Plaintiff also asserts that, with respect to an incident in which Plaintiff was disciplined for taking too long to locate a part identification number, Mr. Norman testified that the amount of time Plaintiff took was "average," and that he and other employees took the same amount of time but were not disciplined. The account is again largely anecdotal, without reference to specific facts or records. Further, there remains an insufficient showing that Mr. Norman and these "other employees" were sufficiently similarly

6

situated to Plaintiff.

"Substantial similarity" is enough, *see South v. Illinois Environmental Protection Agency*, 495 F.3d 747, 752 (7th Cir. 2007), but it must be *substantial*. Defendant has proffered evidence that Plaintiff's termination was the culmination of a long record of repeated and varied violations of company policy. These included issues with time management, work quality and improper conduct such as adopting a hostile tone, hanging up on her supervisor, and refusing to accept work assignments. It is possible that the disciplinary action taken by Defendant was in retaliation for Plaintiff's EEOC filings. But if Plaintiff is to make a prima facie case in support of that theory under the indirect method, she must be able to point to employees working under the same supervisor who engaged in the same pattern of behavior without facing disciplinary action. The similarity Plaintiff seeks to draw between her and employees involved in single incidents of policy violations is not sufficiently substantial in this context. Plaintiff does not satisfy the indirect method of proving retaliation either.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 13, 2014

7